UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI LYNN LOCKE,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 2:26-cv-00696-TLN-CSK<br>FINDINGS AND RECOMMENDATIONS ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br>(ECF Nos. 11, 13) |

Plaintiff Traci Lynn Locke seeks judicial review of a final decision by Defendant Commissioner of Social Security denying applications for disability insurance benefits and supplemental security income.[1] In her summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, the Court recommends Plaintiff's motion be granted, the Commissioner's cross-motion be denied, and this matter be remanded for further administrative proceedings.

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) for the issuance of findings and recommendations. *See* Local Rule 304.

## I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On November 10, 2022, Plaintiff Locke completed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act. On March 28, 2024, she completed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, with an onset date of June 22, 2022 for both applications. Administrative Transcript ("AT") 17.

Plaintiff alleged she suffered from severe asthma, allergies, and obstructive sleep apnea. AT 64. Plaintiff's applications were denied initially and upon reconsideration, and

she sought review before an Administrative Law Judge ("ALJ"). AT 17. Plaintiff appeared with a representative at an in-person hearing on May 9, 2025 before an ALJ, where Plaintiff testified about her impairments and a vocational expert ("VE") testified about hypothetical available jobs in the national economy. AT 39-62.

On June 25, 2025, the ALJ issued an opinion finding Plaintiff not disabled. AT 17-33. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 22, 2022, the alleged onset date. AT 19. At step two, the ALJ determined that Plaintiff did not have a severe impairment or combination of impairments through the date last insured, June 30, 2022. AT 19-20. The ALJ further determined that, since filing her application for SSI on March 28, 2024, Plaintiff had the following severe impairments: asthma, sleep apnea, and obesity. AT 23. At step three, the ALJ concluded that none of Plaintiff's severe impairments met or medically equaled the severity of any listing. AT 24 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered Listing 3.00 et seq. (Respiratory disorders). AT 24.

The ALJ next found that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [Plaintiff] can lift, carry, push or pull up to 20 pounds occasionally, 10 pounds frequently. She can never climb ladders, ropes or scaffolds, but can occasionally climb ramps or stairs. She can balance, stoop, kneel, and crouch frequently, and crawl occasionally. She cannot have concentrated exposure to wetness or humidity, and must avoid concentrated exposure to fumes, odors, dusts, gases, chemicals and poor ventilation. She can never be exposed to extreme heat. She cannot work around unprotected heights.

AT 24. In making this finding, the ALJ considered Plaintiff's symptoms "to the extent which these symptoms can reasonably be accepted as consistent with the objective medical evidence," medical opinions, and prior administrative findings. AT 24.

Evaluating the medical opinions on Plaintiff's physical limitations, the ALJ found neither the opinions of Dr. Lee nor the opinions of State agency consultants Dr. Mohan and Dr. Coleman to be persuasive. AT 22, 30-31 (citing AT 63-67, 74-76).

Dr. Lee filled out a one-page questionnaire on August 20, 2024 in which he

indicated that plaintiff had been precluded from full-time work since 2022. AT 699. He listed Plaintiff's impairments as severe persistent asthma, multiple respiratory allergies, and obstructive sleep apnea ("OSA") treated with BiPAP. *Id.* Dr. Lee opined that Plaintiff could sit, stand, or walk for 1 to 1.5 hours without rest or support, and she could sit, stand, or walk for a total of 3 hours during an 8-hour workday. *Id.* Dr. Lee explained that these limitations were due to "shortness of breath and fatigue from her disease." *Id.* Dr. Lee completed a second questionnaire on December 13, 2024, similarly opining that, since 2022, Plaintiff had been precluded from performing full-time work at any exertion level, including the sedentary level. AT 966-67. Dr. Lee cited symptoms of apnea, fatigue, chest tightness, shortness of breath, cough, and allergies. *Id.* The ALJ found these opinions unpersuasive, noting that physical examination findings on August 20, 2024 showed normal pulmonary effort and breath sounds. AT 30. The ALJ also found that Dr. Lee's opinions were not consistent with Plaintiff's activities of daily living, including providing care for her disabled husband, driving, and doing household chores. AT 31.

Dr. Mohan evaluated Plaintiff as a state medical consultant on February 21, 2023. AT 66-67. Dr. Mohan found Plaintiff's alleged impairments of asthma, allergies, and obstructive sleep apnea to be non-severe. AT 67. Dr. Coleman evaluated plaintiff as a state medical consultant at the reconsideration level on March 6, 2024. AT 76. Dr. Coleman agreed with Dr. Mohan "that the meaningful medical data is all later than DLI [date last insured of June 30, 2022]. Based on available medical evidence earlier than DLI, we must find [this] claimant's impairment is non-severe." AT 76. The ALJ found both State agency opinions unpersuasive, as they "reviewed the evidence prior to the date last insured" and "did not have the benefit of the longitudinal treatment evidence." AT 31.

At step five, based on the RFC, the ALJ concluded that Plaintiff was capable of performing jobs in the national economy, including: marker (light, unskilled work with an SVP of 2); order caller (sedentary, unskilled work with an SVP of 2); and routing clerk

(light, unskilled work with an SVP of 2).[2] AT 32. Thus, the ALJ concluded Plaintiff was not disabled. AT 33. On January 29, 2026, the Appeals Council denied Plaintiff's appeal. AT 1-6. Plaintiff filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 11, 13.)

## III. ISSUES PRESENTED FOR REVIEW

Plaintiff contends that the ALJ (1) erroneously assessed an RFC that is not consistent with any medical opinion, and thus not supported by substantial evidence; (2) failed to properly develop the record of medical opinions; (3) failed to provide clear and convincing reasons for discounting Plaintiff's symptom statements; (4) failed to properly evaluate the opinions of Dr. Lee; and (5) failed to properly find Plaintiff's impairments severe at step two for her DIB claim. (ECF No. 11.)

Defendant counters that the ALJ (1) properly assessed RFC; (2) adequately developed the record; (3) reasonably discounted Plaintiff's symptom statements based on record evidence; (4) properly assessed the opinions of Dr. Lee; and (5) did not commit harmful error in finding that Plaintiff did not have a severe impairment prior to the date last insured. (ECF No. 13.)

## IV. DISCUSSION

### A. Residual Functional Capacity

#### 1. <u>Legal Standards</u>

A claimant's residual functional capacity assessment is a determination of what the claimant can still do despite his or her physical, mental and other limitations. 20 C.F.R. § 404.1545(a). The RFC is the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). In determining a claimant's

---

[2] "SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." See DOT, App. C, § II, available at 1991 WL 688702.

RFC, an ALJ must assess all the evidence (including the descriptions of limitation, and medical reports) to determine what capacity the claimant has for work despite the impairment(s). 20 C.F.R. § 404.1545(a).

2. Analysis

Two distinct periods are at issue in the ALJ's decision. The alleged onset date for both Plaintiff's DIB and SSI claims is June 22, 2022. For the DIB claim, Plaintiff was required to "establish disability on or before [the date last insured] in order to be entitled to a period of disability and disability insurance benefits." AT 17. Here, as the ALJ found the date last insured was June 30, 2022, the DIB claim involved only an eight-day period. AT 19, 22 ("Thus, there is an eight-day period from her alleged onset date through the date last insured."). The second period of time involves Plaintiff's SSI claim, also with an alleged onset date of June 22, 2022.

Dr. Mohan, a non-examining State agency physician, reviewed Plaintiff's medical record and concluded that Plaintiff had no severe impairment prior to the date last insured. On reconsideration, State agency Dr. Coleman reviewed her record and also concluded that she had no severe impairment prior to the date last insured "[b]ased on available medical evidence earlier than DLI[.]" AT 76. Both physicians essentially considered an eight-day period of Plaintiff's health. The ALJ found these opinions non-persuasive as to her SSI claim, which involved the period from June 22, 2022 to June 25, 2025, the date of the ALJ's decision. AT 31, 33.

The other medical opinions in the record were questionnaires completed by Dr. Lee in August and December 2024, both indicating Plaintiff was disabled. AT 30-31. The ALJ found these unpersuasive, for reasons explained in his decision. AT 22, 30-31.

The ALJ continued: "While Dr. Lee's opinions are not persuasive, [Plaintiff's] impairments have been accommodated in the [RFC] determination adopted herein. Considering impairments including her obesity and respiratory complaints, she is limited to light work[.]" AT 31. The ALJ proceeded to list the functional limitations in the RFC, e.g., "She can balance, stoop, kneel, and crouch frequently, and crawl occasionally." AT

31.

Plaintiff argues that no medical opinion in the record supports the ALJ's RFC finding for the period after June 30, 2022, which corresponds to her SSI claim, such that the RFC is not supported by substantial evidence. The State agency physicians did not consider evidence after that date, and the ALJ rejected Dr. Lee's assessments during that period. Plaintiff argues that courts in this district routinely find that an ALJ errs when the RFC is not supported by a medical opinion. *See, e.g., Walker v. Comm'r Soc. Sec.*, No. 2:25-cv-02444-CKD SS, 2026 WL 2334142, at *3 (E.D. Cal. Aug. 12, 2026) (finding harmful error where ALJ determined mental RFC without a medical opinion that defined claimant's limitations, such that RFC was not supported by substantial evidence); *Breazell v. Comm'r of Soc. Sec.*, No. 1:24-cv-01592-KES-EPG, 2025 WL 2962451, at *2-3 (E.D. Cal. Oct. 21, 2025) (finding that "interpretation of the evidence exceeded the ALJ's lay expertise and required a medical opinion to interpret and assess work limitations for the RFC" and ALJ erred in duty to develop the record); *Laguna-Peralta v. King*, No. 1:24-cv-01131-SKO, 2025 WL 373263, at *5 (E.D. Cal. Feb. 3, 2025) ("without a medical opinion to support [various functional limitations], the ALJ's RFC lacks the support of substantial evidence.") (collecting cases).

Defendant counters that the ALJ properly acted as the "ultimate arbiter of the evidence," weighed the medical evidence during the post-DLI period, and reasonably assessed the RFC, clearing the low bar for "substantial evidence." (ECF No. 13 at 9-11.) Defendant cites *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022), which notes the "presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty[.]" Defendant also argues that the medical record in this case was not ambiguous or inadequate so as to trigger the ALJ's duty to develop the record. (ECF No. 13 at 11-12.)

The Court finds *Farlow* distinguishable, as it concerned an ALJ's weighing of medical opinion evidence, not whether an RFC unsupported by a medical opinion met the "substantial evidence" bar. As to whether the ALJ had a duty to develop the record,

the fact that the State agency physicians did not review Plaintiff's medical record except for an eight-day period before the DLI, when the relevant time period spanned three years, makes this case unusually light on medical opinions. Because the ALJ did not find Dr. Lee's opinions persuasive, it is not clear how he arrived at the functional limitations of the RFC, e.g., specific limitations on carrying, lifting, climbing stairs, and balancing. The only medical opinions during the relevant period were Dr. Lee's opinions finding Plaintiff incapable of full-time work, which the ALJ disregarded.

In *Heskett v. Bisignano*, a court in this district observed that "ALJs are obliged to exercise caution in formulating an RFC that leads to a finding of non-disability in cases where no doctor or other medical expert opined, on the basis of a full review of all relevant records, that Plaintiff could perform work during the relevant time period." No. 1:25-cv-00274 SKO, 2025 WL 1993698, at *5 (E.D. Cal. July 17, 2025) (citing *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) (holding that ALJ "should have exercised caution because "no doctor or other medical expert ... opined, on the basis of a full review of all relevant records, that [Plaintiff] is capable of working or is prepared to return to work")). Moreover, "Ninth Circuit courts have found that barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Id.* at *7 (collecting cases).

Here as in *Heskett*, the Court finds that the RFC finding was not based on substantial evidence and the ALJ's failure to develop the record to include another medical opinion based on the longitudinal record was harmful error. 2025 WL 1993698, at *7.

**B. Plaintiff's Remaining Arguments**

Having found remand is warranted, the Court declines to address Plaintiff's remaining arguments for several reasons. First, because the nature of Plaintiff's asserted claims may substantially change on remand, there is no need to discuss them as currently formulated. Second, because the case is already being recommended for remand for further proceedings—which is the relief Plaintiff seeks—the Court finds it

unnecessary to address Plaintiff's remaining claims as they can adequately be addressed on remand and because any favorable rulings thereto will not secure for Plaintiff any relief beyond what has already been granted. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [the claimant's] alternative ground for remand."); *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018) ("Because we reverse and remand as to the VA disability rating, we do not address Luther's other arguments."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V. CONCLUSION

In conclusion, the Court grants summary judgment in favor of Plaintiff on the following issues, finding the ALJ (1) erroneously assessed an RFC that is not consistent with any medical opinion, and thus not supported by substantial evidence; and (2) failed to properly develop the record of medical opinions.

With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it

may not remand with a direction to provide benefits."); *Treichler,* 775 F.3d, at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether Plaintiff was, in fact, disabled during the relevant period. On remand, the ALJ should develop the record as needed. The Court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find Plaintiff disabled during the entirety of the relevant period; may find Plaintiff eligible for some type of closed period of disability benefits; or may find that Plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

## FINDINGS AND RECOMMENDATIONS

Accordingly, the Court RECOMMENDS:

1. Plaintiff's motion for summary judgment (ECF No. 11) be GRANTED;
2. The Commissioner's cross-motion (ECF No. 13) be DENIED;
3. The final decision of the Commissioner be REVERSED and REMANDED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

/ / /

/ / /

/ / /

may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 23, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/lock0696.ss.msj_f&rs